UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TABERNACLE CHURCH JOINT BOARD, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) ) Case No. 2:24-cv-290 |
| v. | ) ) |
| ATTY CARLA MORGAN #26508-45 Individually, at law service of MORGAN LEGAL SERVICES, and its "also known as" MLS, in the capacity of the Corporation Counsel for Mayor City of Gary Indiana EDDIE D. MELTON, *et al.*, | ) ) ) ) ) ) ) |
| Defendants. | ) ) |

**OPINION AND ORDER**

This matter is before the court on the Motions for Appointment of Counsel [DE 27, 29, 30, 31, 32] filed by the plaintiffs, Deacon Chairman Lieutenant Tarver, Maurice Campbell, Ezell Foster, Antonio R. Daggett Sr. on November 18, 2024. For the following reasons, the motions are **DENIED** without prejudice.

*Background*

On August 19, 2024, the plaintiffs, Tabernacle Church Joint Board, et al., filed a Complaint [DE 1] against Defendants. Plaintiffs are not currently represented by counsel in this matter. On November 5, 2024, this Court issued an order [DE 24] granting Plaintiff Tabernacle Church Joint Board until November 26, 2024 to obtain counsel. The law requires that unincorporated associations and artificial entities be represented by an attorney admitted to practice law. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 195 (1993) ("…the law permits corporations […] and other artificial entities […] to appear in federal courts only through licensed counsel."). Plaintiffs filed motions requesting counsel on November 18, 2024. [DE 27, 28, 29, 30, 31, 32]. Plaintiffs informed the court that they have

reached out to 14 different law firms but were unsuccessful in obtaining counsel. Plaintiffs stated each of the 14 firms' reasoning in declination to take the case, such as disinterest or a lack of availability. [DE 27, 29, 30, 31, 32]. Plaintiffs also claim they do not have the financial resources to hire an attorney without the court's assistance. Defendants responded to those motions collectively on November 25, 2024. [DE 34].

### *Discussion*

Civil litigants do not have a right, either constitutional or statutory, to court-appointed counsel. **Pruitt v. Mote**, 503 F.3d 647, 649 (7th Cir. 2007); **Luttrell v. Nickel**, 129 F.3d 933, 936 (7th Cir. 1997); **Jackson v. Cnty. of McLean**, 953 F.2d 1070, 1071 (7th Cir. 1992). Rather, district courts are empowered to recruit an attorney to represent a plaintiff without charge when he is "unable to afford counsel." **28 U.S.C. § 1915(e)(1)**. The Seventh Circuit has instructed that several factors should be weighed by the court when determining whether recruitment of counsel is warranted: (1) whether the plaintiff has made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and (2) given the difficulty of the case, whether the plaintiff appears competent to litigate it himself. **Pruitt**, 503 F.3d at 654.

In other words, the second portion of this inquiry is "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge and jury himself." **Olson v. Morgan**, 750 F.3d 708, 712 (7th Cir. 2014) (quoting **Pruitt**, 503 F.3d at 655). Factors to be considered include "the plaintiff's literacy, communication skills, educational level, and litigation experience." **Pruitt**, 503 F.3d at 655. In conducting this inquiry, the court must determine "whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Id.* (emphasis omitted).

Here, the plaintiff has not satisfied the threshold requirements relating to his request for counsel. First, he has not submitted an affidavit of financial need under penalty of perjury.[1] *See* **Hairston v. Blackburn**, 2010 WL 145793, at *10 (S.D. Ill. 2010) ("[A] proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915 is a pre-requisite to appointment of counsel under § 1915(e)(1)." (citing **Pruitt**, 503 F.3d at 649)). As a result, the court need not reach the remaining factors of the analysis at this time.

## *Conclusion*

Accordingly, this court **DENIES** Plaintiffs' motions [DE 27, 29, 30, 31, 32] requesting the appointment of counsel without prejudice.

ENTERED this 12th day of December, 2024.

/s/ Andrew P. Rodovich
United States Magistrate Judge

---

[1] *See* "Motion to Proceed in Forma Pauperis" form on the court's website at https://www.innd.uscourts.gov/sites/innd/files/AO239.pdf.