UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TABERNACLE CHURCH JOINT BOARD, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CARLA MORGAN, et al., <br><br> Defendants. | Case No. 2:24-CV-00290-GSL-APR |

## **OPINION AND ORDER**

This matter is before the Court on Defendants' Motion to Dismiss. [DE 19]. For the reasons below the Court GRANTS Defendants' motion.

**I.    BACKGROUND**

These facts center on the hiring and subsequent termination of Plaintiff Daggett and related conflicts between the parties. [DE 1]. Plaintiff Daggett was hired as the pastor of Tabernacle Baptist Church in April 2021. [*Id.* ¶ 44]. Around the same time, Plaintiff Tabernacle Church Joint Board operated in some managerial capacity for the church. [*Id.* ¶¶ 2, 47]. Between 2023 and 2024, conflicts arose between Plaintiffs and other members of the church. [*Id.* ¶¶ 50–54]. By April 2024, several attempts had been made to remove Plaintiffs from their official capacity for the church. [*Id.* ¶¶ 57, 61–74]. Plaintiffs maintained that these removal attempts were improper and lacked authority. [*Id.*]. On May 15, 2024, a state court judge ruled against Plaintiff Tabernacle Church Joint Board in an eviction hearing and stated that Plaintiff Daggett was no longer the paster of the church. [*Id.* ¶¶ 75, 78].

On August 19, 2024, Plaintiffs filed this action, bringing claims under 42 U.S.C. §§ 1983, 1985, and 1986, and Indiana state law. [*Id.*]. On October 17, 2024, Defendants moved to

dismiss the action. [DE 19]. Defendants seek dismissal of all the claims pursuant to Federal Rule of Civil Procedure 12(b)(6). [*Id.*].

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion, a pleading must contain sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "When examining a motion to dismiss, [a court] will accept as true all well-pleaded facts in the complaint and draw reasonable inferences in favor of the plaintiff." *Kap Holdings, LLC v. Mar-Cone Appliance Parts Co.*, 55 F.4th 517, 523 (7th Cir. 2022) (citation omitted). "But legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth." *Id.* (quoting *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011)).

## III. DISCUSSION

### A. Tabernacle Church Joint Board

The Complaint was filed pro se. [DE 1]. It was signed by Lieutenant Tarver, Ezell Foster, Maurice Campbell, Antonio Daggett, and Carl Parker—all individual plaintiffs. These Plaintiffs are within their right to represent themselves. 28 U.S.C.A. § 1654 (West) ("[T]he parties may plead and conduct their own cases personally . . . .").

Tabernacle Church Joint Board, however, is not an individual and cannot appear pro se. *Nocula v. UGS Corp.*, 520 F.3d 719, 725 (7th Cir. 2008) ("Corporations cannot appear pro se."). *See Strong Delivery Ministry Ass'n v. Bd. of Appeals of Cook Cnty.*, 543 F.2d 32, 33–34 (7th Cir.

1976) (applying this rule to a religious organization, i.e., a non-profit corporation). Nor can any of the other named plaintiffs represent Tabernacle Church Joint Board. *Nocula*, 520 F.3d at 725 ("[O]ne pro se litigant cannot represent another . . . .").

Tabernacle Church Joint Board has been put on notice that it cannot proceed pro se. On November 5, 2024, Magistrate Judge Rodovich ordered the party to retain counsel within three weeks. [DE 24]. It did not. Though the party did file a motion for appointment of counsel, this motion was denied.[1] [DE 28] (motion); [DE 36] (order). It is now May 2025, and Tabernacle Church Joint Board still is not represented by counsel. Therefore, the Court strikes Tabernacle Church Joint Board as a plaintiff. *See Moorish Sci. Temple of Am. v. City of Berwyn*, No. 11-CV-3519, 2011 WL 3898046, at *3 (N.D. Ill. Sept. 6, 2011) (striking Moorish Science Temple as a plaintiff because it was not represented by counsel).

### B.  Count I: Claims under Section 1983

Section 1983 "provides a civil remedy against any 'person' who violates a plaintiff's federal civil rights *while acting under color of state law*." *Thomas v. Neenah Joint Sch. Dist.*, 74 F.4th 521, 523 (7th Cir. 2023) (citing 42 U.S.C. §1983) (emphasis added). Whether an individual acted "under color of state law" depends on the specific circumstances of the case. *DiDonato v. Panatera*, 24 F.4th 1156, 1160 (7th Cir. 2022). The "mere assertion that one is a state officer does not necessarily mean that one acts under color of state law." *Id.* (quoting *Gibson v. City of Chicago*, 910 F.2d 1510, 1516 (7th Cir. 1990)). Nor are "off-duty" actions by state employees automatically disqualified as actions "under color of state law." *Id.*

---

[1] In his order, Magistrate Rodovich stated that Tabernacle Church Joint Board lacked standing. [DE 36]. Because the Court strikes the party as a plaintiff on other grounds, the Court will not address standing.

Here, Plaintiffs do not allege any conduct that was "under color of state law." The Complaint uses the phrase "under color of law" three times, all in reference to Defendant Morgan. [DE 1, ¶¶ 20, 85, 99]. Plaintiffs seem to allege that Defendant Morgan is liable under Section 1983 because of her occupation as an attorney. [*Id.* ¶ 20] ("Defendant Attorney Morgan . . . as a State of Indiana licensed attorney . . . was acting under color of law as an officer of the court."). But "a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981). Based on the facts alleged, the Court cannot reasonably infer that Defendant Morgan's conduct was "under color of law." Therefore, Plaintiffs' Section 1983 claims against Defendant Morgan fail.

To the extent that Count I includes allegations against any of the other Defendants, it is absent of facts that demonstrate any of their conduct came under color of state law. The Complaint asserts that each Defendant is sued in both an individual and official capacity. [DE 1, pages 1–2]. A few of these Defendants are employed in public roles. [*Id.*] (Defendant Morgan as "Corporation Counsel for the Mayor," Defendant Askew as "staff of the East Chicago Library Board," and Defendant Cossey as "Director of the City of Gary Sanitation"). But the facts in the complaint are only attributable to Defendants' private conduct. This is insufficient. *See DiDonato*, 24 F.4th at 1160. Therefore, Plaintiffs' Section 1983 claims against the other Defendants fail as well.

### C. Count II and III: Claims under Sections 1985 and 1986

To succeed on a conspiracy claim under Section 1985(3)[2], a plaintiff must show "some racial, or otherwise class-based, invidiously discriminatory animus behind the conspirators' actions . . . ." *Green v. Benden*, 281 F.3d 661 (7th Cir. 2002). To prevail on a claim under Section 1986, a plaintiff must successfully establish a claim under Section 1985. *Grimes v. Smith*, 776 F.2d 1359, 1363 n.4 (7th Cir. 1985) ("[L]iability under § 1986 is derivative of § 1985(3) liability; without a violation of § 1985(3), there can be no violation of § 1986." (internal citations omitted)).

Here, Plaintiffs do not allege that they are part of a protected class. Nor do they allege that any of Defendants' actions were done with class-based animus. Because of these omissions, Plaintiffs' claims under Section 1985 fail. Therefore, those under Section 1986 fail too.

### D. Pendent Jurisdiction Claims

With the dismissal of Plaintiffs' claims under Sections 1983, 1985, and 1986, only state law claims remain. "The district courts may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction . . . ." 28 U.S.C.A. § 1367(c)(3) (West). The Court does not have original jurisdiction over any of Plaintiffs' state law claims because the parties lack diversity. 28 U.S.C.A. § 1332(a)(1) (West). *See* [DE 1, ¶¶ 2–15] (most, if not all, the parties appear to be citizens of Indiana); *see also* [*Id.* ¶16] (asserting that the Court has "jurisdiction over Plaintiff's state law claims pursuant [only] to the Court's supplemental jurisdiction"). Therefore, whether to exercise supplemental jurisdiction over Plaintiffs' remaining claims is left to the Court's discretion.

---

[2] The Complaint does not specifically cite this subsection, but the Court construes this as a claim under Section 1985(3) based on the language of Count II.

"As a general matter, when all federal claims have been dismissed prior to trial, the federal court should relinquish jurisdiction over the remaining pendant state claims." *Williams v. Rodriguez*, 509 F.3d 392, 404 (7th Cir. 2007) (internal citations omitted). This rule is subject to three exceptions, but the Court does not find that any of them apply in this case. *Id.* This case is early in its lifecycle, minimal discovery has taken place, and limited judicial resources have been expended thus far. Moreover, the Court's reasoning with respect to Plaintiffs' federal claims is not dispositive of Plaintiffs' pendant state claims. Thus, the Court declines to exercise supplemental jurisdiction over the remaining state claims.

## CONCLUSION

For these reasons, Defendants' Motion to Dismiss [DE 19] is GRANTED. The Court STRIKES Tabernacle Church Joint Board as a plaintiff and DISMISSES all the federal claims, under Rule 12(b)(6). The Court declines to exercise supplemental jurisdiction over the remaining state law claims, and those are also DISMISSED.

SO ORDERED.

ENTERED: May 13, 2025

/s/ GRETCHEN S. LUND
Judge
United States District Court